Margaret Mary J. Mangan, J.
This is an action upon an insurance policy insuring a ring for $500 against loss. The plaintiff’s sister, with the plaintiff’s consent, had the ring in her possession on board an El A1 airliner en route from Vienna, Austria, to Tel Aviv, Israel. The plane was shot down in the vicinity of Bulgaria by Bulgarian military personnel, killing all passengers and resulting in total destruction of the plane. The defendant disclaims liability for loss of the ring relying *988 on an exclusory provision of the policy, providing: ‘ ‘ This policy does not insure against loss or damage occasioned by: * * * Hostile or warlike action in timé of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack, (a) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; or (b) by military, naval or air forces; or (c) by an agent of any such government, power, authority or forces;”. This exclusory provision would indicate noncoverage in instances where there was an “ actual, impending or expected attack ’ ’ by one sovereign power against another and that an act was being performed that should be ‘ ‘ hindered, combated or defended against ’ ’. By no stretch of the imagination can it encompass a unilateral, unprovoked act by a sovereign power against an unsuspecting passenger peacefully traveling in a commercial, nonmilitary airliner, which through an apparent error of judgment on the part of the pilot was caused to fly not over but in the vicinity of an Iron Curtain country. There is nothing before this court to show a clash between sovereign powers or that the action taken by the military was deliberate or that the military shot in line of duty or that there was any unfriendly act on the part of the commercial plane. All that the record shows is merely action by military personnel against a peaceful traveler. If such a contingency was contemplated to be within the exclusory clause, it should have been so stated under the rule of law that exclusory provisions are strictly construed against the insurer. This court is of the opinion that the exclusory clause herein is not drawn in clear and unmistakable terms to cover the particular circumstances of this case.
Judgment for the plaintiff in the sum of $500. Five days’ stay of execution.